UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 12-61678-Civ-COOKE/TURNOFF

IRONSHORE INDEMNITY, INC., *et al.*,

    Plaintiffs,
v.

BANYON 1030-32, LLC, *et al.*,

    Defendants.
_____/

## **OMNIBUS ORDER**

THIS MATTER is before me on the Insurance Companies'[1] Motion for Leave to Amend their Complaint, ECF No. 62; the Insurance Companies'[2] Motion to Dismiss Trustee's Claims "As the Exclusive Agent for" the Non-Debtor Banyon Entities,[3] ECF No. 63; the Non-Debtor Banyon Entities' Motion to Adopt the Complaint filed by the Trustee as the Master Complaint, ECF No 70; Harden and Associates' Motion to Dismiss, ECF No. 95.  I have reviewed the arguments, the record, and the relevant legal authorities.  For the reasons provided, the Insurance Companies' Motion for Leave to Amend their Complaint, ECF No. 62, and Harden and Associates' Motion to Dismiss, ECF No. 95, are granted; the Non-Debtor Banyon Entities' Motion to Adopt the Complaint filed by the Trustee, ECF No. 70, is denied, and the Insurance Companies' Motion to Dismiss Trustee's Claims, ECF No. 63, is denied as moot.

---

[1] The Insurance Companies include RLI Insurance Company, Columbia Casualty Company, Zurich American Casualty Company, Federal Insurance Company, St Paul Fire and Marine Insurance Company, Westchester Fire Insurance Company, and Ironshore Indemnity Inc.
[2] Federal Insurance Company did not join this Motion.
[3] The Non-Debtor Banyon Entities are Banyon Funding LLC, Banyon Capital, LLC, Banyon Investments, LLC, Banyon Resources, LLC, and Banyon USVI (DEL), LLC.

## I. Background

These consolidated cases arise from the Banyon Entities'[4] losses in connection with their investments in the Scott Rothstein Ponzi scheme. The parties seek to resolve the simple issues of whether the Insurance Companies' crime insurance policies (the "Policies") are void *ab initio* as a result of alleged Banyon Entities' misrepresentations and omissions made during the Policies' underwriting process and, if these Policies are valid, whether they cover the Banyon Entities' losses.

On March 22, 2010, Federal Insurance Company ("Federal"), Zurich American Insurance Company ("Zurich"), St. Paul Fire and Marine Insurance Company ("St Paul"), Columbia Casualty Company ("Columbia"), Westchester Fire Insurance Company ("Westchester"), and RLI Insurance Company ("RLI"), filed an action in the Middle District of Florida against Banyon 1030-32, LLC ("Banyon 1030-32"), Banyon Capital, LLC ("Banyon Capital"), Banyon Funding, LLC ("Banyon Funding"), Banyon Income Fund, LP ("Banyon Income Fund"), Banyon Investments, LLC ("Banyon Investments"), Banyon Resources, LLC ("Banyon Resources"), and Banyon USVI, LLC ("Banyon USVI") seeking to rescind the Policies issued to the Banyon Entities, or to obtain a declaration of no coverage (the "Federal Rescission Action") because the Banyon Entities' underwriting submissions allegedly contained material misrepresentations or omissions. On June 23, 2010, Ironshore Indemnity Inc. ("Ironshore") filed a similar action, also in the Middle District of Florida, against Banyon 1030-32, Banyon Capital, Banyon Funding, Banyon Income Fund, Banyon Investments, LLC (Nevada), Banyon Investments, LLC (Delaware), Banyon Resources, and Banyon USVI (the "Ironshore Rescission Action").

---

[4] The Banyon Entities are the Non-Debtor Banyon Entities as well as the Debtor Banyon Entities, i.e. Banyon 1030-32, LLC, and Banyon Income Fund, LP.

During the pendency of those lawsuits, creditors filed an involuntary bankruptcy petition against Banyon 1030-32 in the Bankruptcy Court for the Southern District of Florida (case No. 10-33691-RBR). The Bankruptcy Court entered an order for relief on November 29, 2011. Similarly, an involuntary bankruptcy petition was filed against Banyon Income Fund in the Southern District of Florida Bankruptcy Court (case No. 11-40929-RBR). The Bankruptcy Court entered an order for relief in the Banyon Income Fund case on January 31, 2012. Robert C. Furr (the "Banyon Trustee") was appointed as the Chapter 7 Trustee of the bankruptcy estates of Banyon 1030-32 and Banyon Income Fund (the "Debtor Banyon Entities").

After his appointment, the Banyon Trustee entered into negotiations with the Insurance Companies. Those negotiations resulted in a procedural agreement ("Term Sheet"). Under the terms of the Term Sheet, the parties agreed that the Insurance Companies' pending lawsuits against the Banyon Entities – the Ironshore Rescission Action and the Federal Rescission Action – and the Banyon Trustee's action against the Insurance Companies seeking coverage under the Policies (the "Trustee Action") would be consolidated, and venue established in the Southern District of Florida.

To accomplish that goal, the Term Sheet provided that the Banyon Trustee would file a complaint commencing an adversary proceeding before the Bankruptcy Court in the Southern District of Florida and ask to withdraw the standing reference of that adversary proceeding from the Bankruptcy Court and that the case be assigned to the District Court. To bring the pending Ironshore Rescission Action and Federal Rescission Action before the Southern District, the parties to the Term Sheet agreed that the plaintiffs in those respective actions would ask the Middle District to transfer venue to the Southern District.

The insurers subsequently moved to transfer venue of the Ironshore Rescission Action

and Federal Rescission Action to the Southern District. The motions were granted and the actions were transferred to the Southern District. The Ironshore Rescission Action was assigned to me as case No. 0:12-cv-61678-MGC. The Federal Rescission Action was assigned to the Honorable William Zloch, case No. 0:12-cv-61753-WJZ.

On September 14, 2012, the Banyon Trustee filed his complaint and motion to withdraw the reference in the bankruptcy court. Upon the filing of the motion, the adversary Trustee Action was sent to District Court and was assigned to the Honorable Kathleen Williams, case No. 12-mc-61813-KMW.

In October 2012, the parties moved *inter alia* to consolidate the three actions. I held a hearing on November 7, 2012 on the pending motions. During this hearing, the parties represented that they would be able to cooperate and file a master complaint to realign the parties. On January 17, 2013, I agreed to the transfer of the two cases not presently before me – the Trustee's Action and the Federal Rescission Action, consolidated those cases with the Ironshore Rescission Action, and granted the pending motion to withdraw the reference of the case that was commenced as an adversary proceeding before the Bankruptcy Court.

After the consolidation, however, the parties were unable to agree on how to realign their interests in the now consolidated action. They filed a series of motions, several of which seeking a resolution of their disagreement regarding the issue of realignment. Specifically, the Insurance Companies moved for leave to Amend their Complaint, ECF No. 62, and moved to dismiss the Banyon Trustee's claims "as the exclusive agent for" the Non-Debtor Banyon Entities, ECF No. 63. The Non-Debtor Banyon Entities moved to adopt the Banyon Trustee's Complaint as the Master Complaint. ECF No. 70. Additionally, Harden and Associates ("Harden"), the broker engaged to procure crime insurance for Banyon 1030-32, moved to dismiss the Complaint filed

4

by the Banyon Trustee against it. ECF No. 95. The parties being unable to amicably decide the realignment issue,[5] I held a hearing on those motions on June 19, 2013 and took these matters under advisement. I have considered the written and oral arguments, and will address each Motion in turn.

## II. ANALYSIS

### A. The Banyon Entities' Motion to Adopt the Complaint Filed by the Trustee as Master Complaint.

The Debtor Banyon Entities and Non-Debtor Banyon Entities moved for the entry of an order (1) designating the Complaint filed in the Trustee Action as the Master Complaint and (2) completely consolidating the Trustee Action with the two other cases, i.e. the Federal Rescission Action and the Ironshore Rescission Action. Banyon Entities' Mot. to Adopt. 1.

#### 1. The Designation of the Complaint Filed in the Trustee's Action as the Master Complaint.

The Banyon Entities argue that the Trustee's Complaint should be adopted as the Master Complaint for, *inter alia*, the following reasons: (1) the primary purpose of the consolidated litigation is to determine whether the Policies cover their losses in the Scott Rothstein Ponzi scheme; (2) adopting the Trustee's Complaint as the Master Complaint is consistent with the parties' burden of proof at trial; and (3) the Trustee Action already includes all relevant parties. Banyon Entities' Mot. to Adopt. 4-9; Banyon Entities' Reply to Mot. to Adopt. 8-10. The Banyon Entities essentially seek to realign the parties.

A district court has the discretion to realign the parties in a civil action. *Con'l Ins. Co. v. Roberts*, 8:05CV1658T17MSS, 2008 WL 4960227 (M.D. Fla. Nov. 20, 2008) (citing *City of Indianapolis v. Chase National Bank*, 314 U.S. 63, 62 (1941) (finding the court should "look

---

[5] "Life is really simple, but we insist on making it complicated." Confucius.

5

beyond the pleadings, and arrange the parties according to their sides in the dispute")). "Ordinarily, the trial court extends the privilege of opening and closing the case to the party that has the burden of proof." *L-3 Commc'ns Corp. v. OSI Sys., Inc.*, 418 F. Supp. 2d 380, 383 (S.D.N.Y. 2005) (citing *Dishman v. Am. Gen. Assurance Co.*, 193 F. Supp. 2d 1119, 1128 (N.D. Iowa 2002); *Anheuser-Busch, Inc. v. John Labatt*, 89 F.3d 1339, 1344 (8th Cir. 1996); *Martin v. Chesebrough-Pond's, Inc.*, 614 F.2d 498, 501 (5th Cir.1980)). This party is typically the plaintiff, even where the plaintiff seeks only or even primarily a declaratory judgment. *Id.* (citing *Rowan Cos., Inc. v. Ainsworth*, 50 F. Supp. 2d 588, 590-91 (W.D. La. 1999) ("There is sound reason for placing the procedural burden of proof on the declaratory plaintiff in most cases despite his role as the real and traditional defendant . . . After all, it is the declaratory plaintiff who volunteers to bring the case in this forum at this time.")).

The Banyon Entities argue that the primary purpose of the consolidated litigation is to determine whether the Policies cover their loss in the Scott Rothstein Ponzi scheme. Banyon Entities' Mot. to Adopt. 7; Banyon Entities' Reply to Mot. to Adopt. 5. The issue of coverage, however, will only be addressed once the validity of the Policies has been ascertained. Therefore, the issue of rescission must be addressed first and the issue of coverage will only become relevant if the Policies are valid and enforceable. I also note that the Insurance Companies filed the Federal Rescission Action and the Ironshore Rescission Action on March 22, 2010 and June 23, 2010 respectively. The Insurance Companies have actively prosecuted these actions since that time. The Trustee, on the other hand, filed his Complaint on September 14, 2012, over two years later. There never was a race to the courthouse.

The Banyon Entities also contend that adopting the Trustee's Complaint as the Master Complaint is consistent with the parties' burden of proof at trial. Banyon Entities' Mot. to

6

Adopt. 8-10. The parties agree that the Insurance Companies bear the burden of proof in their rescission and declaration of no coverage claims and that the Banyon Entities bear the burden of proof on their breach of contract claims. Insurance Companies' Resp. to Mot. to Adopt. 10-11; Banyon Entities' Reply to Mot. to Adopt. 9-10. The Banyon Entities argue that the Insurance Companies should not be designated as Plaintiffs because they merely seek to adjudicate their non-liability to the natural plaintiff. The Insurance Companies, on the other hand, contend that the logical order of the evidence is to let the Insurance Companies present their evidence on their rescission claims and, if these claims fail, then let the Banyon Entities present their evidence on the breach of contract claims. Insurance Companies' Resp. to Mot. to Adopt. 11. I agree with the Insurance Companies. The Insurance Companies bear the burden of proof on their rescission claims. These claims are not nominal and may resolve the breach of contract claims. *See Cont'l Ins. Co.*, 2008 WL 4960227, at *5 (M.D. Fla. Nov. 20, 2008) (denying a motion for realignment after the insured movant unsuccessfully argued that the insurer's claims of fraud, unjust enrichment, and conspiracy were analogous to defenses and an attempt to avoid payment under the insurance policy while her own counterclaims were an attempt to enforce the insurance policy). Thus, realignment is not proper.

Finally, the Banyon Entities argue that the Trustee Action is the only action that already includes all relevant parties. Banyon Entities' Mot. to Adopt. 5. Specifically, the Banyon Entities argue that the Federal Rescission Action does not include Ironshore, National Union Fire Insurance Company of Pittsburgh, P.A. ("National Union"), or Harden and that the Ironshore Rescission Action does not include Federal, RLI, Columbia, Zurich, Westchester, St Paul, National Union, or Harden. *See id.* All the Insurance Companies in the Ironshore Rescission Action and the Federal Rescission Action have moved to file an Amended Consolidated

7

Complaint, thus joining all their claims in a single pleading. Insurance Companies' Mot. for Leave to Amend 1-3. Accordingly, only National Union, who did not file a rescission action against the Banyon Entities, and Harden, the insurance broker, are not parties to the Rescission Actions. The Insurance Companies, however, indicated during the oral argument that they could add National Union to their Complaint.[6] Further, for the reasons stated below, the claims against Harden are dismissed without prejudice.

In sum, none of the Banyon Entities' arguments warrants a realignment designating the Banyon Trustee.

### 2. The Complete Consolidation of the Three Actions.

The Banyon Entities also request a complete consolidation of the three actions. Banyon Entities' Mot. to Adopt. 6-9. The Banyon Entities contend that the three actions involve the same parties, arise from the same sets of facts and involve the construction of a single primary crime insurance policy. *See id.*

Federal Rule of Civil Procedure 42(a) allows a court to consolidate actions if these actions involve a common question of law or fact. Fed. R. Civ. P. 42(a). Consolidation is a procedural device designed to promote judicial economy but cannot effect a physical merger of the actions or the defenses of the separate parties. *See, e.g.*, *Katz v. Realty Equities Corp. of New York*, 521 F.2d 1354, 1358 (2d Cir. 1975) (citing *Johnson v. Manhattan Ry. Co.*, 289 U.S. 479, 496-97 (1933)); *see also Mayfield v. Am. Auto. Ins. Co.*, CIV.A. 502CV256C, 2003 WL 21250935, at *1 (N.D. Tex. May 27, 2003) ("Consolidation does not 'merge the suits into a single action or change the rights of the parties or make those who are parties in one suit parties in another'; rather . . . 'the actions maintain their separate identities.'") (citing *Frazier v.*

---

[6] If National Union does not wish to adopt the Insurance Companies' Amended Complaint, it shall notify the Court within five days of this Order.

*Garrison I.S.D.*, 980 F.2d 1514, 1532 (5th Cir.1993); *In re: Propulsid Prods. Liab. Litigation*, 208 F.R.D. 133, 141 (E.D.La. 2002)).

Accordingly, the mere consolidation of the three cases does not warrant a merger of the three cases.  In their Response to the Banyon Entities' Motion to Adopt the Complaint Filed by the Trustee as Master Complaint, the Insurance Companies argue that the claims asserted in the Trustee's Complaint should be deemed compulsory counterclaims to their Complaint.  Insurance Companies' Resp. to Mot. to Adopt. 11-13.  Relying on Federal Rule of Civil Procedure 13(a) and the first-filed doctrine, the Insurance Companies seek dismissal of the Trustee's Complaint. *See id.*  The Insurance Companies argue that the Trustee's Complaint is duplicative with the Banyon Entities's compulsory counterclaims.  *See id.*

I find that both the application of the first-filed doctrine and Rule 13(a) warrant dismissal of the Trustee' Complaint in this case.

The first-filed doctrine gives a district court discretion to dismiss a later-filed action, where two actions involving overlapping issues and parties are pending in two federal courts. *Manuel v. Convergys Corp.*, 430 F.3d 1132, 1135-36 (11th Cir. 2005).  If a party objects to the jurisdiction in the first-filed forum, said party shall carry the burden of proving "compelling circumstances" to warrant an exception to the first-filed rule.  *See id.*  In order to determine whether compelling circumstances exist when declaratory action is filed first, "one equitable consideration . . . is whether the . . . action was filed in apparent anticipation of the other pending proceeding."  *See id.* (citing *Ven-Fuel, Inc. v. Dep't of the Treasury*, 673 F.2d 1194, 1195 (11th Cir.1982)).  Even if a court finds that a filing is anticipatory, this consideration does not mandate dismissal.  *See id.* (citing *Ven-Fuel*, 673 F.2d at 1195).  Such a finding still remains one equitable

factor among many that a district court can consider in determining whether to hear a declaratory judgment action.  *See id*.

The Rescissions Actions were filed in 2010, well before the Trustee's Action, filed in 2012.  The length of time between the filing of the two actions indicates that the Rescission Actions were not filed in anticipation of litigation, nor were they the product of a race to the courthouse.  Although the parties have agreed in the Term Sheet to the Trustee filing his Complaint, the first-filed doctrine favors the dismissal of an action that is duplicative of an already filed action.

Further, courts have interpreted Rule 13(a) to permit dismissal of the second-filed action when this second action should have been brought as a counterclaim in the first-filed action. *Kerr Corp. v. N. Am. Dental Wholesalers, Inc.*, SACV 11-0313 DOC CWX, 2011 WL 4965111, at *3-4 (C.D. Cal. Oct. 18, 2011) (finding that a court may consolidate two actions and realign the parties when a party failed to bring a compulsory counterclaim); *Internet Law Library, Inc. v. Southridge Capital Mgmt. LLC*, 208 F.R.D. 59, 63 (S.D.N.Y.2002) (finding that when a party institutes a second action based upon a compulsory counterclaim in a still pending action, courts can consolidate the two actions and realign the parties).  Federal Rule of Civil Procedure 13(a) states that a counterclaim is compulsory where it "arises out of the transaction or occurrence that is the subject matter of the opposing party's claim." Fed. R. Civ. P. 13(a).

The claims asserted in the Trustee's Complaint are compulsory counterclaims in the Rescission Actions.  The claims in the three actions stem from the same transactions, *i.e.* the Policies.  None of the parties denies that the actions arise out of the same transactions since they all have advocated for a merger of the three actions.  Since I find that the Banyon Entities'

claims are compulsory counterclaims in the Rescission Actions, the Trustee's Action should be dismissed.

The Banyon Entities' Motion to Adopt the Complaint Filed by the Trustee as Master Complaint is, therefore, denied. The Banyon Trustee's Complaint is dismissed as duplicative with its compulsory counterclaims to the rescission Actions. The Insurance Companies shall remain the Plaintiffs in this case.

### B. *The Insurance Companies' Motion for Leave to Amend their Complaint.*

The Insurance Companies filed a Motion for Leave to Amend their Complaint arguing that they have received additional documentation regarding the Rothstein Ponzi scheme since the filing of the first Complaint and that they wish to remedy the issues raised in the Motion to Dismiss filed by the Banyon Entities. Insurance Companies' Mot. for Leave to Amend 1-3, ECF 62; Banyon Entities' Mot. to Dismiss, ECF No. 22. The Banyon Entities filed a Response and argued that the Motion should be denied because the Trustee's Complaint should serve as the master complaint in these consolidated proceedings and because the Insurance Companies' claims are duplicative and redundant with the Insurance Companies' defenses to the Trustee's Complaint. Banyon Entities' Resp. to Mot. for Leave to Amend 1-10, ECF No. 94. The Insurance Companies filed a Reply. Insurance Companies' Reply to Mot. for Leave to Amend 1-7, ECF 99.

The Banyon Entities' arguments in opposition to the Motion have been addressed above. Since I have determined that these Actions should proceed with the Insurance Companies' Complaint, the Motion for Leave to Amend is granted. The Insurance Companies, including National Union, shall file their Amended Complaint within thirty days of the date of this order.

### C. The Insurance Companies' Motion to Dismiss Trustee's Claims "As the Exclusive Agent for" the Non-Debtor Banyon Entities.

The Insurance Companies[7] argue that the Trustee's claims "as the exclusive agent" should be dismissed because the Trustee has no standing to sue as an agent of the Non-Debtor Banyon Entities. Insurance Companies' Mot. to Dismiss Trustee's Claim 1-10. The Insurance Companies do not dispute the Trustee's standing to pursue direct claims on behalf of the Debtor Banyon Entities, but they contend that the Trustee lacks standing to pursue claims on behalf of the Non-Debtor Banyon Entities who are not named in the Complaint. *See id.* 4.

In their Amended Complaint, the Insurance Companies name all of the Banyon Entities. Accordingly, all the Banyon Entities, including the Non-Debtor Companies, are now named in the pleadings. I have dismissed the Trustee's Complaint as redundant with its compulsory counterclaims. The Insurance Companies' Motion to Dismiss the Trustee's Claims "as the Exclusive Agent for" the Non-Banyon Entities is, therefore, now moot.

### D. Harden's Motion to Dismiss.

Harden moved to dismiss without prejudice the Trustee's claims of negligent failure to procure insurance coverage filed against Harden arguing, among other things, that these claims have not accrued yet. Harden's Mot. to Dismiss 1-9. The Banyon Trustee filed a Response and contends that an abatement or a stay, rather than dismissal without prejudice, is the appropriate remedy. Banyon Entities' Resp. to Harden's Mot. to Dismiss 1-6. Harden did not file a reply but Harden and the Banyon Trustee presented their arguments during the hearing on the Motions.

A claim against an insurance agent for negligence does not accrue until the underlying action between the insured and the insurance company is final. *Blumberg v. USAA Cas. Ins. Co.*,

---

[7] The Insurance Companies who moved to dismiss the Trustee's claims are St Paul, RLI, Columbia, Westchester, Ironshore, and Zurich.

790 So. 2d 1061, 1065 (Fla. 2001). In this case, the parties agree that the claims against Harden will only accrue if and when the Insurance Companies prevail and no insurance coverage is found to exist. In that respect, the claims against Harden are both premature, while the underlying rescission action is ongoing, and contingent on the outcome of said litigation.

The parties, however, dispute whether the applicable remedy is an abatement or a stay, or a dismissal. Harden's Mot. to Dismiss 1-6; Banyon Entities' Resp. to Harden's Mot. to Dismiss 1-8. Courts have been divided on the issue. *See, e.g.*, *Blumberg v. USAA Cas. Ins. Co.*, 790 So. 2d 1061, 1065 n.2 (Fla. 2001) ("The proper remedy for premature litigation 'is an abatement or stay of the claim for the period necessary for its maturation under the law.'"); *Sperling v. Banner Life Ins. Co.*, 10-22289-CIV-HUCK, 2010 WL 4063743, at *3-4 (S.D. Fla. Oct. 14, 2010) (finding that abatement was the proper remedy and remanding the case to state court because the claim against the insurance agent destroyed diversity); *Steele v. Mid-Continent Cas. Co.*, 07-60789-CIV, 2007 WL 3458543 (S.D. Fla. Nov. 14, 2007) (same); *but see, e.g.*, *Essex Ins. Co. v. Rodgers Bros. Servs., Inc.*, 8:05-CV-648T27TBM, 2006 WL 2356036, at *1-2 (M.D. Fla. Aug. 11, 2006) (dismissing without prejudice the claims against the insurance agents as premature); *Looney v. Protective Life Ins. Co.*, 8:07-CV-1020T-17TBM, 2007 WL 2669190, at *4 (M.D. Fla. Sept. 6, 2007)(same); *Great Am. Assur. Co. v. Sanchuk, LLC*, 8:10-CV-2568-T-33AEP, 2012 WL 195526, at *7 (M.D. Fla. Jan. 23, 2012) (same).

At least one Judge in this District noted that Florida law is not clear on the proper remedy to adopt when the court is faced with a motion to dismiss rather than a motion to remand for improper joinder. *Sperling*, 10-22289-CIV-HUCK, 2010 WL 4063743, at *3 (noting that Florida law is unclear regarding whether a premature negligence claim against an insurance agent should be abated or stayed or, rather, dismissed without prejudice and finding that abatement may be

proper when a court is faced with a motion to remand, while refusing to express an opinion on the proper remedy to adopt when the court is ruling on a motion to dismiss).

Further, several courts have found that claims that are both premature and contingent should be dismissed rather than abated. *See Looney*, 8:07-CV-1020T-17TBM, 2007 WL 2669190, at *4 ("When the mere passage of time is insufficient to cure the premature element of the action, as it is here, dismissal without prejudice is appropriate"); *see also Mobro Marine Inc.*, 3:11-CV-622-J-12JBT, 2011 WL 6328255, at *4 (M.D. Fla. Dec. 15, 2011) (dismissing without prejudice the claims against the insurance agent for failure to procure insurance coverage, because the claims would not accrue, if at all, until the underlying action would be resolved).

Considering all the circumstances of this case, I find that the claims against Harden should be dismissed without prejudice. The underlying litigation may last for an extended period of time, while Harden has no role in its adjudication. Ultimately, the claims against Harden may never ripen. Additionally, judicial economy favors the dismissal of these claims. Parties should not be encouraged to file claims that may never ripen. Filing these claims forces the insurance agent to file a response and prompts the parties to litigate what is the appropriate remedy pending adjudication of the underlying action. This is a waste of the court's and the parties' resources. Accordingly, I will grant Harden's Motion to Dismiss. All claims against Harden are dismissed without prejudice.

### III. CONCLUSION

For the foregoing reasons, it is **ORDERED and ADJUDGED** as follows:

1. The Non-Debtor Banyon Entities' Motion to Adopt the Complaint filed by the Trustee as the Master Complaint, ECF No 70, is **DENIED**. The Complaint filed by the Banyon Trustee is **DISMISSED**.

2. The Insurance Companies' Motion for Leave to Amend their Complaint, ECF No. 62, is **GRANTED**. The Insurance Companies shall file an Amended Complaint within thirty days of the date of this order.

3. The Insurance Companies' Motion to Dismiss Trustee's Claims "As the Exclusive Agent for" the Non-Debtor Banyon Entities, ECF No. 63, is **DENIED as moot**.

4. Harden's Motion to Dismiss, ECF No. 95, is **GRANTED**. The claims against Harden are **DISMISSED without prejudice**.

**DONE and ORDERED** in chambers, at Miami, Florida, this 29th day of August 2013.

_____
MARCIA G. COOKE
United States District Judge

Copies furnished to:
*William C. Turnoff, U.S. Magistrate Judge*
*Counsel of record*