UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 12-CV-61678-COOKE/Turnoff

IRONSHORE INDEMNITY, INC.,

    Plaintiff,

vs.

BANYON 1030-32, LLC, BANYON
FUNDING, LLC, BANYON CAPITAL,
LLC, BANYON INVESTMENTS, LLC
(NEVADA), BANYON RESOURCES,
LLC, BANYON INCOME FUND, LP,
AND BANYON USVI, LLC,

    Defendants.
_____/

## ORDER

**THIS CAUSE** came before the Court upon RLI Insurance Company, Columbia Casualty Company and Zurich American Insurance Company's Motion for Sanctions Against the Trustee and Banyon Entities (ECF No. 264), and Defendant Harden & Associates, Inc.'s Emergency Motion for Protective Order (ECF No. 269). A hearing was held before the undersigned on March 19, 2014. (ECF No. 276). The Court has considered the written and oral arguments, the record, the applicable law, and is otherwise duly advised in the premises.

### Motion for Sanctions

The parties last appeared before the undersigned for a hearing on February 25, 2014, in connection with a Motion to Compel the Banyon Entities to Appear for a Rule 30(b)(6) Deposition filed by RLI Insurance Company, Columbia Casualty Company and Zurich American Insurance

Company ("Insurance Companies"). (ECF No. 239). At the hearing, the parties announced that they had agreed upon a framework for resolving the issue of the Rule 30(b)(6) depositions. On February 28, 2014, the Court entered an Order memorializing the oral pronouncement granting the motion. (ECF No. 259). The Order provided that the Insurance Companies were entitled to have the Non-Debtor Banyon Entities produce a Rule 30(b)(6) representative for deposition, whether or not the prior individual testimony was adopted as corporate testimony, and that neither George Levin nor Frank Preve could be compelled to serve as corporate representatives. It further indicated that the Banyon Entities could hire someone if there was no one that could be designated as the representative.

The Insurance Companies filed the instant motion for sanctions against the Trustee and the Banyon Entities for failure to produce a Rule 30(b)(6) representative for deposition as required by the Court Order. (ECF No. 264). The Trustee argued that he complied fully with the Court's Order. (ECF No. 272). According to various emails attached to the response, the Trustee indicated that he advised he would be produced in both his individual capacity and as a 30(b)(6) representative for the Non-Debtor Banyon Entities. The Trustee was educated to testify as to a group of topics and adopted the testimony of Levin and Preve as well as other witnesses with respect to the remaining topics. The Trustee had further advised the Insurance Companies that, if after taking the additional depositions they believed they needed corporate testimony on particular areas, the Trustee would provide an educated witness. The Trustee also noted an objection to topics 33 and 34 based upon settlement and mediation confidentiality agreements. The undersigned overruled the objection.

After considering the arguments of the parties, the Court's prior ruling, the Scheduling Order, and the applicable law, the undersigned finds that the Trustee must produce a Rule 30(b)(6)

corporate representative to provide testimony on behalf of all the Non-Debtor Banyon Entities. Messrs. Levin and Preve shall be present at the deposition of such witness and available for consultation by the witness. The deposition must take place prior to April 4, 2014. Counsel for the Insurance Companies indicated that he would be issuing a re-notice of deposition to the Trustee with amended topics by March 26, 2014.

## Motion for Protective Order

Harden & Associates, Inc. is a former defendant in this action that was dismissed on August 30, 2013, when the Court granted its Motion to Dismiss. (ECF No. 289). The Trustee set the deposition of Harden's corporate representative for March 26, 2014. However, Harden has indicated that the designated corporate representative, as well as Harden's attorneys, would be unavailable on that date. Moreover, the corporate representative was involved in a month-long trial that was beginning on March 24, 2014. Pursuant to the Scheduling Order, the discovery deadline expires on March 31, 2014. However, the parties were in agreement to schedule the deposition after the deadline.

Upon noting several times that the Scheduling Order entered by Judge Cooke shall not be altered and shall continue to govern the progress of this case, the undersigned allowed the parties to conduct the deposition of Harden's corporate representative prior to May 1, 2014.

## Conclusion

Accordingly, consistent with the instructions given in open court and the oral pronouncement of this ruling, it is hereby **ORDERED AND ADJUDGED** that:

1. RLI Insurance Company, Columbia Casualty Company and Zurich American Insurance Company's Motion for Sanctions Against the Trustee and Banyon Entities (ECF No. 264) is **DENIED** as to the request for sanctions, but **GRANTED** with respect to setting the deposition

of the Non-Debtor Banyon Entities' corporate representative; and

2. Defendant Harden & Associates, Inc.'s Emergency Motion for Protective Order (ECF No. 269) is **DEEMED MOOT**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 26 day of March 2014.

**WILLIAM C. TURNOFF**
**United States Magistrate Judge**

cc: Hon. Marcia G. Cooke
All Counsel of Record